Decree of the Surrogate's Court of Westchester county construing paragraph numbered second of the will and declaring the bequest therein mentioned ineffective and void unanimously affirmed, with costs, payable out of the estate, to all parties filing briefs. No opinion. Present — Lazansky, P. J., Hagarty, Davis, Johnston and Close, JJ.

ELIZABETH KEARNEY and MICHAEL KEARNEY, Appellants, v. ANASTASIA McVEIGH and DAVID P. McCOY, Respondents.— Order reversed on the law and the facts, upon payment by appellants of twenty-five dollars costs within five days from entry of order herein, and motion granted vacating judgment for costs and restoring case to the ready calendar for trial on Monday, March eighth, subject to the consent of the justice presiding. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.

JESSIE C. MATTFELD and RUTH McLEAN MATTFELD, Respondents, v. ANNIE M. CAVALLARO, Appellant.— Judgment in favor of plaintiffs in an action to recover damages for personal injuries when an automobile in which they were riding collided with an automobile owned and operated by defendant unanimously affirmed, with costs. No opinion. Order denying motion for a new trial on the ground of newly-discovered evidence unanimously affirmed without costs. No opinion. Present — Lazansky, P. J., Hagarty, Davis, Johnston and Close, JJ.

JAMES McNEILL and MARGARET McNEILL, Appellants, v. ANASTASIA McVEIGH and DAVID P. McCOY, Respondents.— Order reversed on the law and the facts, upon payment by appellants of twenty-five dollars costs within five days from entry of order hereon, and motion granted vacating judgment for costs and restoring case to the ready calendar for trial on Monday, March eighth, subject to the consent of the justice presiding. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.

MILLER-SCHLOTT, INC., Appellant, v. EDWARD V. McGOVERN, EDWARD V. McGOVERN CORPORATION, Respondents, and Others, Defendants.— Action by appellant, a judgment creditor of the corporate defendant, seeking (1) to hold the individual defendant McGovern, an officer, director and sole controlling stockholder of the corporate defendant, as a trustee *ex maleficio* with respect to moneys of the corporate defendant alleged to have been converted by him in violation of his duties as such officer and director, to the detriment of the plaintiff, such creditor, and (2) to hold him personally liable under the provisions of the Stock Corporation Law, section 15, for illegal transfers, to himself and to one Alexander C. Cohen, of funds of the corporate defendant, which had the effect of making that defendant insolvent. The trial court dismissed the complaint at the close of plaintiff's proofs. From the judgment thereon entered, plaintiff appeals. Judgment reversed on the law and a new trial granted, with costs to appellant to abide the event. We are of opinion that the plaintiff proved a *prima facie* case as to each cause of action, and that the dismissal of the complaint was error. The trial court made findings of fact and conclusions of law based on pleaded defenses. The dismissal was at the close of plaintiff's proofs. The sole question here is whether the plaintiff established a *prima facie* case. (*First Nat. Bank of Hempstead* v. *Level Club, Inc.*, 241 App. Div. 433, 438.) For the purposes of the new trial granted, the findings of fact and conclusions of law are reversed. Lazansky, P. J., Carswell, Davis, Adel and Taylor, JJ., concur.